IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HINKLE METALS & SUPPLY CO., INC. § | | PLAINTIFF |
| § | | |
| v. § | Civil No. 1:12-cv-00017-HSO-RHW | |
| § | | |
| COMPTON'S APPLIANCE, INC., § | | |
| MICHAEL C. COMPTON, and § | | |
| COMPTON HEATING & AIR, LLC § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING MICHAEL C. COMPTON'S MOTION TO DISMISS, DENYING AS MOOT PLAINTIFF'S MOTION TO ALLOW SUPPLEMENTATION, AND DENYING AS MOOT THE MOTION TO STRIKE OF MICHAEL C. COMPTON AND COMPTON'S APPLIANCE, INC.**

BEFORE THE COURT is the Motion [6] of Defendant Michael C. Compton to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6). He requests oral argument. Plaintiff has filed a Response [9], and Mr. Compton a Reply [10]. Plaintiff has filed a Motion [19] to Allow Supplementation of its Response to Mr. Compton's Motion to Dismiss. Mr. Compton and Compton's Appliance, Inc. ("Defendants") have filed a Response [22], and Plaintiff a Reply [25]. Defendants have filed a Motion [24] to Strike Plaintiff's Motion to Allow Supplementation. Plaintiff has filed a Response [27].

After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Mr. Compton's Motion [6] to Dismiss should be denied. Plaintiff's Motion [19] to Allow Supplementation, as well as Defendant's Motion [24] to Strike, should be denied as moot.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, a regional distributor of commercial heating, venting, and air conditioning products, has filed suit against Compton's Appliance, Inc., and its President, Michael C. Compton, alleging that they jointly and severally owe $361.409.66, plus interest, for products Plaintiff sold to Compton's Appliance, Inc., between March 22, 2010, and October 31, 2010, on a credit account. Pl.'s Am. Compl. [65] at pp. 2, 5. In 1993, Mr. Compton signed a guaranty for a credit line with Plaintiff, on behalf of his company, which he identified on the Credit Application and Guaranty as "Compton Appl. Ser." Credit Application and Guaranty [65-1], Ex. 1 to Pl.'s Am. Compl. [65]. Plaintiff contends that Mr. Compton is liable for the debt because he signed a personal guaranty, and that Compton's Appliance, Inc., is also liable because it is the same entity as "Compton Appl. Ser." Pl.'s Mot. [6] to Dismiss at pp. 3,6; Pl.'s Am. Compl. [65] at pp. 5-7.

Mr. Compton, on the other hand, argues that he operated multiple construction companies and that "Compton Appl. Ser." is not the same company as Defendant Compton's Appliance, Inc. Compton's Mot. [6] to Dismiss at p. 1; Defs.' Mot. to Strike [22] at pp. 1-3. He requests that Compton's Appliance, Inc., be dismissed because it is not a party to the Credit Application and Guaranty signed by him. Compton's Mot. [6] to Dismiss at pp. 1-2. He further asserts that he is not personally liable for the debt pursuant to the guaranty, and that he should also be dismissed from this lawsuit "because the Guaranty clearly and unambiguously lists Comp. Appl. Ser. as the principal debtor and not Compton's Appliance, Inc." *Id.*

## II. DISCUSSION

### A. Request for Oral Argument

On the face of his Motion [6] to Dismiss, Mr. Compton requests oral argument. Local Uniform Rule 7(b)(6)(A) provides that "[t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response." L.U. Civ. R. 7(b)(6)(A). The Court does not find that oral argument would be necessary or helpful in resolving this Motion.

### B. The Court's Subject Matter Jurisdiction

The Court has jurisdiction over this civil action because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. Plaintiff is a corporation organized under the laws of Alabama, with its principal place of business in Alabama. Pl.'s Am. Compl. [65] at p. 1. Mr. Compton is a citizen of Mississippi. Defs.' Answer to Am. Compl. [68] at p. 2. Compton's Appliance, Inc., is a corporation organized under the laws of Mississippi, with its principal place of business in Mississippi. *Id.* at p. 1. Compton Heating & Air, LLC, recently joined as a party, is a limited liability company, and its only member, Mr. Compton, is a citizen of Mississippi. Defs.' Answer to Am. Compl. [68] at pp. 1-2. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs. Pl.'s Am. Compl. [65] at p. 2. Thus, the requirements of diversity jurisdiction are satisfied.

Where federal jurisdiction is based on diversity, the Court applies state substantive law. *Krieser v. Hobbs,* 166 F.3d 736, 739 (5th Cir. 1999); *see Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78-79 (1938). The parties agree that Mississippi substantive law governs this diversity case.

C.  Motion to Dismiss

  1.  Legal Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly,* 550 U.S. at 556-57, 570).

The Court's analysis is generally limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1018. A court "may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

2.  Whether Compton's Appliance, Inc., Should Be Dismissed

On the Credit Application and Guaranty, Mr. Compton provided the address of "Compton Appl. Ser." as 839B 28th Street, Gulfport, Mississippi. Credit Application and Guaranty [65-1], Ex. 1 to Pl.'s Am. Compl. [65]. Plaintiff has attached to its Response the results of a "business name" search from the website of Mississippi's Secretary of State for all businesses bearing the name "Compton." Ex. B [9-1] to Pl.'s Resp. [9]. The results are public record, and the Court may consider them in deciding Compton's Motion [6] to Dismiss. They reflect that there is no corporation registered with the Mississippi Secretary of State by the name of "Compton Appl. Ser." *Id.* They indicate that when Mr. Compton signed the Credit Application and Guaranty in 1993, the only company bearing the name "Compton" located at the address of 839 28th Street, Gulfport, was Defendant "Compton's Appliance, Inc." *Id.* Based on the foregoing, the facts, viewed in the light most favorable to Plaintiff, create a reasonable inference that Compton's Appliance, Inc., and "Compton Appl. Ser." are

one and the same company. At least at this stage of the proceedings, Plaintiff has stated a claim that is plausible on its face against Compton's Appliance, Inc., and it should not be dismissed.

       3.     <u>Whether Michael C. Compton Should be Dismissed</u>

The Credit Application and Guaranty attached to Plaintiff's Amended Complaint was signed by Mr. Compton as Vice President of a company he identified as "Compton Appl. Ser." Credit Application and Guaranty [65-1], Ex. 1 to Pl.'s Am. Compl. [65]. The guaranty portion of the document states: "For valuable consideration received, and to induce Hinkle Metals & Supply Co., Inc. (HMS) to extend credit to the above named company, the undersigned, jointly and severally, guarantees and promises to pay any and all indebtedness of the above named company . . . ." *Id*. The language of the guaranty appears to bind Mr. Compton personally for the debts of the company he listed as "Compton Appl. Ser." Because it appears that this was the same company as Compton's Appliance, Inc., Plaintiff has stated a claim that is plausible on its face against Mr. Compton, and he should not be dismissed.

D.     <u>Motion to Allow Supplementation and Motion to Strike</u>

Plaintiff has filed a Motion [19] to Allow Supplementation of its Response to Mr. Compton's Motion to Dismiss, asking the Court to consider Mr. Compton's license renewal applications submitted to the Mississippi Board of Contractors, in determining whether Defendants should be dismissed. License Renewal Applications, Ex. A [19-1] to Pl.'s Mot. to Allow Supplementation [19]; Supplemented License

Renewal Applications, Ex. A [27-1] to Pl.'s Reply [27] to Defs.' Mot. to Strike [22]. These applications were produced to Plaintiff by the Mississippi Board of Contractors pursuant to a subpoena. Pl.'s Reply [27] to Defs.' Mot. to Strike [22] at p. 2. They show that from 1992 to 2010, Mr. Compton applied for one license renewal each year and requested that the license be issued in the name of either "Michael Compton" (1992, 1995, 1997-99, 2001), "Compton's Appliance, Inc." (1993, 2000, 2002-10), "Compton's Heating & Air" (1994), or "Compton's Appliance Services Inc." (1996). *Id.* Mr. Compton utilized the same Mississippi Sales or Use Tax number, business address, and business phone number on each application. *Id.*

Defendants have filed a Motion [24] to Strike Plaintiff's Motion to Allow Supplementation, arguing, among other things, that Plaintiff's Motion is untimely and that the license renewal applications are outside the four corners of Plaintiff's Complaint, such that they should not be considered by the Court in resolving Mr. Compton's Motion to Dismiss. Defs.' Mot. [24] to Strike at p. 1. Plaintiff appears to concede that the license renewal applications cannot be considered by the Court in the context of a motion to dismiss, and suggests that the Motion [6] to Dismiss be treated as a motion for summary judgment. Pl.'s Reply [27] to Defs' Mot. to Strike [24] at p. 1.

The Court need not determine the merits of Plaintiff's Motion [19] to Allow Supplementation, or Defendants' Motion [24] to Strike, because it has already determined that Plaintiff has stated claims against Mr. Compton and Compton's Appliance, Inc., which are plausible on their face. Plaintiff's Motion [19] to Allow

Supplementation of its Response to Mr. Compton's Motion to Dismiss, and Defendants' Motion [24] to Strike Plaintiff's Motion to Allow Supplementation will be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Rule 12(b)(6) Motion [6] to Dismiss of Michael C. Compton should be denied. Plaintiff's Motion [19] to Allow Supplementation of its Response to Mr. Compton's Motion to Dismiss, and Defendants' Motion [24] to Strike Plaintiff's Motion to Allow Supplementation, should be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendant Michael C. Compton's Motion [6] to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Hinkle Metals & Supply Co.'s Motion [19] to Allow Supplementation of its Response to Michael C. Compton's Motion to Dismiss, is **DENIED AS MOOT.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [24] of Defendants Michael C. Compton and Compton's Appliance, Inc., to Strike Plaintiff's Motion to Allow Supplementation of its Response to Michael C. Compton's Motion to Dismiss, is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 14th day of September, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE