IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HINKLE METALS & SUPPLY CO., INC.                              PLAINTIFF

v.                                              Civil No. 1:12-cv-00017-HSO-RHW

COMPTON APPLIANCE, INC.,
MICHAEL C. COMPTON, and
COMPTON HEATING & AIR, LLC                                   DEFENDANTS

### ORDER DENYING NONPARTY COMPTON'S LLC'S MOTION TO QUASH OR ALTERNATIVELY MODIFY SUBPOENA ISSUED TO BANCORPSOUTH AND DENYING NONPARTY COMPTON'S LLC'S MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is nonparty Compton's LLC's Motion [144] to Quash or Alternatively Modify Subpoena Issued to Bancorpsouth and Motion for Protective Order. Plaintiff Hinkle Metals & Supply Co., Inc., has filed a Response [165], and Compton's LLC has not filed a Rebuttal. Having considered the record and relevant legal authorities, the Court finds that Compton's LLC's Motion should be denied.

I. BACKGROUND

Plaintiff Hinkle, attempting to collect a $637,484.83 Consent Judgment [79] in its favor against Defendants Compton's Appliance, Inc., and Compton Heating & Air, LLC, served a subpoena on BancorpSouth, Inc. compelling BancorpSouth to produce "[f]or period of January 1, 2013 to the present . . . all statements, deposit records, checks, wiring records, transfers and ACH records for all accounts of Compton Heating & Air, LLC and Compton['s], LLC, and any correspondence concerning said accounts." Subpoena [144-1]. Nonparty Compton's LLC seeks to quash the subpoena on grounds that it seeks irrelevant information regarding a

nonparty's "personal and private banking information that is privileged . . . ." Mem. [145] at 1. Compton's LLC contends that the subpoena seeks proprietary information, is overbroad, and was served only for purposes of annoyance and harassment. *Id.* at 3. Compton's LLC also requests "a protective order, shielding Compton's, LLC from these discovery inquiries." *Id.* at 4.

In Response [165], Hinkle submits that (1) Compton's LLC's Motion is moot because BancorpSouth has already produced the records; (2) Compton's LLC has no standing to quash the subpoena because it is not a party to this action; and (3) Compton's LLC has no standing to quash the subpoena because the subpoena was served upon BancorpSouth, not Compton's LLC. Resp. [165] at 1. Alternatively, Hinkle submits that Compton's LLC's banking records were properly subpoenaed for the relevant purpose of searching for assets of the judgment debtor Compton Heating & Air, LLC, "which assets may have been fraudulently transferred to this new entity [Compton's LLC], and to determine if Compton's LLC is the successor entity to judgment debtor Compton Heating & Air, LLC." *Id.* at 2.

## II. DISCUSSION

A.  Good Faith Certificate

Compton's LLC did not file a Good Faith Certificate with its Motion. The Local Uniform Civil Rules require counsel to confer in good faith prior to the filing of a discovery motion and state that "[a] Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions." L.U. Civ. R. 37(a). Federal Rule of Civil Procedure 26(c) specifically addresses motions for protective orders and provides

that motions for protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). "[T]he moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order." *Williams v. Weems Cmty. Mental Health Ctr.,* No. 4:04cv179-L-R, 2006 WL 905955, *1 (S.D. Miss. Apr. 7, 2006). Because Compton's LLC did not file a Good Faith Certificate with its Motion, the Motion should be denied.

B.      Standing

Alternatively, Compton's LLC's Motion should be denied because Compton's LLC has not sufficiently addressed the standing issues raised by Hinkle. First, Compton's LLC has not addressed whether it has standing to file a motion to quash in a case where it is not a party nor is it the entity served with the subpoena. The cases cited in Compton's LLC's Memorandum provide that *a party* has standing to quash a subpoena served on a nonparty where the party can demonstrate that it has a personal right or privilege with respect to the subject matter requested in the subpoena. Mem. [145] at 2 (collecting cases); *see Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979). While Compton's LLC claims a personal right and privilege with respect to the subpoenaed discovery here, Compton's LLC is not a party. The standing cases cited by Compton's LLC's address motions to quash filed by parties, not the circumstances here where a nonparty seeks to quash a subpoena served upon another nonparty.

3

Furthermore, Compton's LLC has not established that it has standing to file a motion for protective order. Federal Rule of Civil Procedure 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order . . . ." Fed. R. Civ. P. 26(c). Compton's LLC is not a party, and it is not the "person from whom discovery is sought." For these reasons, Compton's LLC has not met its burden of demonstrating that it has standing to pursue the relief it requests in its Motion. The Motion should also be denied for this reason.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Compton's LLC's Motion [144] to Quash or Alternatively Modify Subpoena Issued to Bancorpsouth and Motion for Protective Order is **DENIED**.

**SO ORDERED** this the 7th day of April, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE